**Elizabeth HOWLAND, Appellant,**

v.

**Muriel BEVIS, Appellee.**

**No. 17923.**

United States Court of Appeals
Fifth Circuit.

April 18, 1960.

**H. W. FINDLEY, Owner, Claimant, Appellant,**

v.

**Henry P. LANASA, Libelant, Appellee.**

**No. 17837.**

United States Court of Appeals
Fifth Circuit.

April 4, 1960.

———◆———

C. R. McDonald, Jr., Otis R. Parker, Jr., Fort Pierce, Fla., Fee, Parker & Sample, Fort Pierce, Fla., for appellant.

Noah Walker, Cornelius T. Walker, Vero Beach, Fla., for appellee.

Before TUTTLE, JONES and BROWN, Circuit Judges.

PER CURIAM.

The judgment is affirmed. This personal injury suit was brought against a non-resident of Florida. Service was effected under the provisions of Sections 47.29 and 47.30 of the Florida Statutes (1953), F.S.A. This law permits service on the Secretary of State as to a non-resident who is charged with negligent injury in an automobile accident in Florida either while non-resident or after changing a Florida residence at time of injury to non-residence at time of suit and service. It was thus sufficient, for the purpose of charging jurisdiction in the District and in Florida, to allege that at the time of the suit the defendant was a resident of Texas and that the injury had occurred in Florida. It was not necessary to allege that the defendant was either a resident or a non-resident of Florida at the time of the injury. The statutes were applicable in either event. The case of Red Top Cab & Baggage Co. for Use and Benefit of Fountaine v. Holt, 154 Fla. 77, 16 So.2d 649 is inapplicable because it construed an earlier statute which by its terms applied only to persons who were non-residents at the time of the injury.

The only remaining contentions were as to the facts. There was sufficient evidence to warrant submission of these issues to the jury. We find no other error. The judgment is affirmed.