151 So.2d 61 (1963)
Irwin S. REVER, Herman Fiedelbaum and Nyack Holding Co., Inc., Appellants,
v.
Morris LAPIDUS, Stephen F. Kessler, Irwin S. Gars and Leon A. Roth, Appellees.
No. 62-687.
District Court of Appeal of Florida. Third District.
March 19, 1963.
*62 Kessler & Gars, Miami, for appellants.
Cypen & Salmon, Miami Beach, and Richard Lapidus, Miami, for appellees.
Before PEARSON, TILLMAN, C.J., and CARROLL and BARKDULL, JJ.
PEARSON, TILLMAN, Chief Judge.
This is an interlocutory appeal at common law from an order denying defendants' motions to dismiss made on the grounds of insufficiency of service of process and lack of jurisdiction over the person. See Rule 4.2, subd. a, Florida Appellate Rules, 31 F.S.A. The appellee, Lapidus, as plaintiff brought a suit against certain individuals including Irwin Rever and Herman Fiedelbaum and Nyack Holding Co., Inc., a Florida corporation. Service was had upon the above-named individual defendants pursuant to the provisions of §§ 47.16 and 47.30 Fla. Stat., F.S.A.
Rever and Fiedelbaum filed affidavits in which they stated that they did not operate, conduct, engage in, or carry on any business venture in the State of Florida. We hold that the affidavits submitted were not sufficient to constitute a basis for the dismissal of these defendants, because the affidavits amounted to nothing more than the assertion of legal conclusions.
It appears from the record, however, that the service upon these defendants was faulty in that the affidavit required of the plaintiff by § 47.30, Fla. Stat., F.S.A. was not executed. The affidavit is signed by the attorney only and fails to include a verification. The affidavit required by this section is necessary for the completion of service; therefore, it is jurisdictional and the service without it is not sufficient.
One additional point on appeal should be mentioned. The appellant, Nyack Corporation, attacks the service upon it on the basis that no attempt was made to serve an officer other than the resident agent. It also filed in the trial court an affidavit of the resident agent that he no longer had contact with the corporation. The court correctly denied the motion to dismiss filed by the corporation upon each of these grounds. Section 47.37, Fla. Stat., F.S.A. does not require an attempt to serve other *63 officers where service is upon the resident agent. Further § 47.17, Fla. Stat., F.S.A. which establishes an order of precedence as to service upon corporate officers does not apply to service of process on a resident agent. Section 47.50, Fla. Stat., F.S.A. provides the method whereby designation of the resident agent may be removed from the records of the Secretary of State. Until this procedure is followed, a resident agent cannot unilaterally resign or remove himself.
Affirmed in part and reversed in part.