BARKDULL, Chief Judge.
By this interlocutory appeal, the appellant seeks review of adverse orders denying its motion to quash and motion to dismiss directed to the service of process upon it, principally contending that service was insufficient and, therefore, there was a lack of jurisdiction over the person.
Service was attempted upon the appellant, as defendant in the trial court, pursuant to the provisions of §§ 47.16, 47.30, Fla.Stat., F.S.A.. The appellant contended that it was not within the provisions of the aforementioned statutes as it was not conducting business within the State of Florida. An examination of the affidavit submitted in support of this proposition indicates, upon the record made in this case, that the appellant was sufficiently engaged in business activity in this State to come within the statutes and, if this was the only point on this appeal, the action of the trial judge would be affirmed. However, it appears that one of the attacks upon the attempted service was the failure to have service of process “in the manner prescribed by law”. The plaintiff in the trial court having attempted to avail himself of the substituted service statutes [§§ 47.16, 47.30, Fla.Stat., F.S.A.], in order to effectuate a valid service in accordance therewith, was required to file an affidavit in compliance with the statutes and the defendant’s return receipt with the court records. This not having been done, it was error for the trial judge to deny the motion to quash and, upon the authority of Rever v. Lapidus, Fla.App.1963, 151 So.2d 61, the order denying the motion to quash is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.
Reversed and remanded.
PEARSON, TILLMAN, J., concurs in the decision.