WIGGINTON, Judge.
Appellant seeks review by interlocutory appeal of an adverse order relating to jurisdiction over his person.
Appellees have sued appellant for damages arising out of a motor vehicle collision occurring in this state. The complaint alleges that appellant is a nonresident of Florida, and process was constructively served on appellant in accordance with the requirements of the statute relating to substituted service of process on nonresident motor vehicle owners.[1]
In his several motions challenging the jurisdiction of the court over his person, appellant asserted that the attempted substitute service of process on him was void because of the failure of the complaint or supporting affidavits to allege that he was a nonresident of Florida at the time of the collision alleged in the complaint, or that at such time he was a resident of Florida and subsequently became a nonresident prior to the filing of this suit against him. It is appellant’s position that the critical element of the statute which controls its availability as a means of procuring substituted service of process is the residential status of the defendant at the time the cause of action accrued and not at the time the suit is commenced.
The statute on which appellant relies to support his position is as follows:
“Service on nonresident motor vehicle owners, etc.—
*352 Any nonresident of this state, being the operator or owner of any motor vehicle, who accepts the privilege extended by the laws of this state to nonresident operators and owners, of operating a motor vehicle or of having it operated, or of permitting any motor vehicle owned, or leased, or controlled by him to be operated with his knowledge, permission, acquiescence or consent, within the state, or any resident of this state, being the licensed operator or owner of or the lessee, or otherwise entitled to control any motor vehicle under the laws of this state, who becomes a nonresident or conceals his whereabouts, by the acceptance or licensure and by the operation of the motor vehicle, either in person, or by or through his servants, agents, or employees, or by persons with his knowledge, acquiescence and consent within the state constitutes the secretary of state his agent for the service of process in any civil action begun in the courts of the state against such operator or owner, lessee or other person entitled to control of the motor vehicle, arising out of or by reason of any accident or collision occurring within the state in which the motor vehicle is involved.”[2]
We construe the foregoing statute to mean that every motorist who accepts the privilege of operating his vehicle on the highways of this state necessarily falls into one of two residential categories. As a matter of law he is either a resident or a nonresident of Florida. If a nonresident, he designates the Secretary of State as his agent for the service of process in any civil action brought against him arising out of the operation of his vehicle while in the state. The efficacy of the statute as a means for procuring substituted service of process, however, is entirely dependent upon the nonresident status of the defendant at the time suit is commenced and process issued, and not. at the time the cause of action accrues. Similarly, if the operator of the vehicle is a resident of Florida at the time of the collision for which he is sued, the statute under consideration is inapplicable as a means of procuring service of process on such operator unless, before the time suit is commenced, he has moved out of the state and acquired the status of a nonresident, or conceals his whereabouts so that personal service cannot be effected. Again, in this event, it is the nonresidential status of the defendant or his concealment at the time suit is commenced, and not his status at the time of the collision, which is the factor that activates the statute and renders it an effective means of procuring service of process.
A critical examination of the statute leads us to the conclusion that the Secretary of State is constituted the agent for the service of process only as to a defendant motor vehicle owner who, at the time suit is filed and process issued, is a nonresident of Florida or conceals his whereabouts for the purpose of avoiding personal service of process. How or when such defendant acquired a nonresident status or concealed his whereabouts is immaterial. It matters not whether he was a nonresident at the time of the collision involving his motor vehicle, or whether at that time he was a resident of Florida and thereafter became a nonresident prior to the filing of the action. In either event, he constituted the Secretary of State as his agent for the service of process in any civil action arising out of the operation of his vehicle in this state. Process served on the Secretary of State, if effected in accordance with the provisions of the statute, would be valid only if at the time of service the defendant was a nonresident of Florida. For if at the time of service the defendant was a resident of Florida amenable to personal service of process, then substituted service under the statute would be unavailable even though the defendant may have been a nonresident at the time of the collision and thereafter moved into and became a resident of this state.
*353 It is therefore our conclusion that the critical element of the statute under consideration is the nonresidential status of the defendant at the time the action is commenced and substituted process issues, and not his status at the time the cause of action accrued. Since the complaint in the case sub judice alleges that defendant is a nonresident of Florida, which allegation is supported by the affidavit of service as required by the statute, we are of the view and so hold that the necessary predicate for substituted service under the statute has been adequately established.
Our view set forth above conforms to the conclusion reached by the Fifth Circuit Court of Appeals in the case of Howland v. Bevis [3] where, in considering the identical question passed upon herein, the court said:
“ * * * This personal injury suit was brought against a non-resident of Florida. Service was effected under the provisions of Sections 47.29 and 47.30 of the Florida Statutes (1953), F.S.A. This law permits service on the Secretary of State as to a non-resident who is charged with negligent injury in an automobile accident in Florida either while non-resident or after changing a Florida residence at time of injury to non-residence at time of suit and service. It was thus sufficient, for the purpose of charging jurisdiction in the District and in Florida, to allege that at the time of the suit the defendant was a resident of Texas and that the injury had occurred in Florida. It was not necessary to allege that the defendant was either a resident or a nonresident of Florida at the time of the injury. The statutes were applicable in either event. * * * ”
Appellant cites and relies heavily upon the decision of the Supreme Court in the case of Red Top Cab & Baggage Co. etc. v. Holt.[4] In that case the court was construing the then existing statute relating to service of process upon nonresident motor vehicle owners as provided by Sections 47.29 and 47.30, F.S. (1941). In that case the court held that in order for a proper predicate for substituted service to be established, it was necessary for the complaint to allege that the defendant was a nonresident of the State of Florida at the time of the collision described in the complaint. That decision is not controlling in the case sub judice because the statute there under consideration, by its very terms, applied only to persons who were nonresidents at the time of the injury. Because of the difference between that statute and the one now in effect which applies to any motorist who is a nonresident of Florida at the time process issues, regardless of his residential status at the time the cause of action accrued, the Red Top Cab decision is not controlling or persuasive. Any contrary interpretation of the Red Top Cab decision would require that the decision be re-examined in the light of our existing statute and the purpose intended to be served thereby.
Because of the foregoing, the order appealed is hereby affirmed.
JOHNSON, C. J., and CARROLL, DONALD K., J., concur.

. F.S. §§ 48.161, 48.171 et seq., F.S.A.

. F.S. § 48.171, F.S.A.

. Howland v. Bevis (5th Cir. 1960), 276 F.2d 906, 907.

. Red Top Cab & Baggage Co. (1944), 154 Fla. 77, 16 So.2d 649.