260 So.2d 278 (1972)
Abraham FLEISCHMAN et al., Appellants,
v.
David A. MORRIS, Appellee.
No. 72-12.
District Court of Appeal of Florida, Third District.
April 11, 1972.
Cushman & Cushman, Miami, for appellants.
Abbott, Frumkes & Albadeff, Miami Beach, for appellee.
Before PEARSON and CHARLES CARROLL, JJ., and NATHAN, RAYMOND G., Associate Judge.
PER CURIAM.
This is an interlocutory appeal from an order denying appellants' (defendants below) motion to vacate default and a final judgment consequent upon such default.
Appellee filed his second amended complaint against appellants September 16, 1970, seeking to recover damages as a result of an alleged negligent operation by the appellants as owners of apartment *279 house property. Such complaint, as well as the prior complaints, alleged that each and all of the defendants were residents of Dade County, Florida. No personal service of process under F.S. 48.031, F.S.A. was issued or served pursuant to the second amended complaint. On September 24, 1970, an affidavit was filed on behalf of the appellee to the effect that a letter was written to the manager of the appellants' apartment house asking for their residence and mailing address and failure to respond to such letter would indicate that defendants were concealing their whereabouts. The affidavit further recited that the manager reported by telephone call to affiant and stated that the defendants live in Peru but he had instructions from them not to write to them or contact them in any way. Appellee then attempted to effect substituted service of process under F.S. 48.161 and F.S. 48.181, F.S.A. A default was entered against appellants on December 15, 1970, and final judgment on March 4, 1971.
Appellants contend that there is no affidavit or pleading setting forth the facts showing that defendants or any one of them were subject to such statutory authorized service of process. Appellee relies on the affidavit which alleges concealment by appellants of their whereabouts for service of process under F.S. 48.161 and F.S. 48.181, F.S.A.
Statutes providing for substituted service must be strictly construed and one seeking to effect service under it has the burden of presenting facts which clearly justifies its applicability. See Young Spring & Wire Corp. v. Smith, Fla. 1965, 176 So.2d 903. In the case sub judice, the record reflects that personal service of process was attempted only on one of the defendants against whom default and judgment was entered even though they were all alleged to be residents of Dade County, Florida. Further, neither the affidavit nor the record reflects that sufficient search and inquiry was actually made to ascertain that each of the appellants were concealing their whereabouts.
Therefore, the order denying defendants' motion to vacate the default and final judgment thereon is reversed and the cause remanded for further proceedings consistent with this opinion.
Reversed and remanded.