347 So.2d 452 (1977)
Terry F. LEVITEN and Allstate Insurance Company, Appellants,
v.
Thomas R. GAUNT, Appellee.
Nos. 77-315 and 77-566.
District Court of Appeal of Florida, Third District.
June 28, 1977.
Talburt, Kubicki & Bradley and Robert J. Dickman, Miami, for appellants.
Edward A. Sirkin and David S. Wieder, Miami, for appellee.
Before HENDRY, C.J., and PEARSON and BARKDULL, JJ.
PER CURIAM.
By these consolidated interlocutory appeals, we are called upon to review the propriety of an order denying the defendant's (Leviten) motion to quash service of *453 process. Service was attempted under Sections 48.161, 48.19, Florida Statutes. The several complaints filed in this cause allege that the defendant (Leviten) "is a resident of the County of Dade, State of Florida".
We reverse. The attempted service of process was defective. First, it was invalid because the plaintiff failed to present facts which justify the application of the substituted service statute. Fleischman v. Morris, 260 So.2d 278 (Fla. 3rd D.C.A. 1972). Second, the attempted substituted process was invalid because of the failure of the plaintiff to allege jurisdictional requirements in his complaint. Penn v. Ashley, 226 So.2d 351 (Fla. 1st D.C.A. 1969); Exberger v. First Florida Business Consultants, Inc., 338 So.2d 561 (Fla. 2nd D.C.A. 1976). Finally, purported substituted service was invalid due to the failure of the plaintiff to meet the notice requirements of the statutes. Lendsay v. Cotton, 123 So.2d 745 (Fla. 3rd D.C.A. 1960); Zarcone v. Lesser, 190 So.2d 805 (Fla. 3rd D.C.A. 1966); Atlas Van Lines, Inc. v. Rossmoore, 271 So.2d 31 (Fla. 2nd D.C.A. 1972).
Therefore, the order denying the defendant's (Leviten) motion to quash service of process be and the same is hereby reversed, and the cause is remanded to the trial court for the entry of an order granting the motion to quash.
Reversed and remanded, with directions.