360 So.2d 112 (1978)
Terry F. LEVITEN and Allstate Insurance Company, Appellants,
v.
Thomas R. GAUNT, Appellee.
No. 77-2483.
District Court of Appeal of Florida, Third District.
June 6, 1978.
Rehearing Denied July 20, 1978.
Talburt, Kubicki & Bradley and Betsy E. Hartley, Miami, for appellants.
Edward A. Sirkin and David S. Wieder, Miami, for appellee.
Before HAVERFIELD, C.J., BARKDULL, J., and PARKER, J. GWYNN, (Ret.), Associate Judge.
PER CURIAM.
By this interlocutory appeal, appellants Terry F. Leviten and Allstate Insurance Company, defendants in the trial court, urge reversal of that court's order denying their motion to quash service of process on Ms. Leviten. They contend that plaintiff-appellee has failed to adhere to the requirements of Sections 48.161 and 48.171, Florida *113 Statutes [1977] in that he has not evinced due diligence in endeavoring to make substituted service. We agree.
In an earlier appeal by the same parties, this court held that plaintiff's initial attempts to serve process upon Ms. Leviten were defective. Leviten v. Gaunt, 347 So.2d 452 (Fla. 3d DCA 1977). Thereafter, Gaunt attempted to perfect service on her by serving a summons and an amended complaint on the Secretary of State, pursuant to Chapter 48, Florida Statutes [1977], and by sending a notice of service and a copy of the process to Ms. Leviten by registered mail to two addresses in Miami. Both mailings were returned; one marked "unclaimed," and the other "No such street number" and "Not in directory."
Subsequent to this court's decision in the earlier appeal, Gaunt's counsel had deposed Ms. Leviten's parents, who stated that their daughter had moved out of their home after a personal argument nearly a year before initiation of the suit, and the only communication they had had from her since was a single postcard from Paris. However, they were able to supply names and addresses of twelve persons who knew her. Several of these persons reside in Dade County.
Without making any attempt to follow up these leads, Gaunt's counsel filed an affidavit, based on information gained at the deposition, alleging that Ms. Leviten had "concealed her whereabouts." The record is devoid of proof that she was concealing her whereabouts, and equally devoid of any evidence of due diligence on the part of plaintiff to search for her. In fact, appellant Leviten has not had notice of the suit.
A statute providing for substituted service must be strictly construed, and the party seeking to effect service under it has the burden of presenting facts which clearly justify its applicability. Young Spring Wire Corporation v. Smith, 176 So.2d 903 (Fla. 1965) and cases cited therein. Where neither the affidavit nor the record reveal appropriate diligence in seeking to find the party sought to be served, nor in establishing the fact that such party was indeed attempting to conceal himself, the mere filing of an affidavit alleging concealment is an insufficient basis upon which to predicate substituted service. Fleischman v. Morris, 260 So.2d 278 (Fla. 3d DCA 1072). In the present situation, appellee, at minimum, must follow up the leads received at deposition which deal with persons residing in Dade County, and file the results of his investigation with the court by way of affidavit.
Although appellants assert that the mere fact that defendant's return receipt was never filed with the court, as required by Section 48.161, is a sufficient basis upon which to reverse the ruling below, this is not necessarily so. If due diligence were shown in an effort to locate Ms. Leviten, so that it could be satisfactorily established that her whereabouts is unknown or that she is concealing herself, the requirement of filing a return receipt with the court would be obviated. Robb v. Picarelli, 319 So.2d 645 (Fla.3d DCA 1975). However, the complete absence in the record of any proof of diligent effort to find Ms. Leviten or to prove concealment mandates reversal.
Therefore, the order denying the motion to quash service of process on Ms. Leviten is reversed, and the cause is remanded to the trial court with instructions to enter an order granting the motion to quash.
Reversed and remanded with instructions.