362 So.2d 316 (1978)
Charles BIRD, Appellant,
v.
INTERNATIONAL GRAPHICS, INC., Appellee.
No. 77-2569.
District Court of Appeal of Florida, Third District.
July 25, 1978.
Rehearing Denied September 15, 1978.
R. Stuart Huff and John F. Lisk, Miami, for appellant.
Friedman & Britton and Paul G. Hyman, Jr., Miami, for appellee.
Before HAVERFIELD, C.J., and PEARSON and HENDRY, JJ.
PEARSON, Judge.
The question presented by this appeal is whether the attempted substituted service of the plaintiff/appellee upon the defendant/appellant, pursuant to Section 48.181, Florida Statutes (1977), was sufficient to secure jurisdiction of the defendant. We hold that the service was not sufficient and reverse the judgment.
The plaintiff, International Graphics, Inc., sued the defendant for the balance due on an open account. Summons was issued for the individual defendant, Charles Bird, at an address in Dade County, Florida. The summons was returned unexecuted with the notation, "moved per manager." Alias summons was issued for service at a different address in Dade County. The return on the alias summons showed no service, with a notation, "no longer at this address as per Lianes Sound Studio." Pluries summons was issued and returned unexecuted by an individual who is not shown to have been appointed by the court. Another summons was issued with directions to serve the Secretary of State as the defendant's statutory resident agent, pursuant to Sections 48.181 and 48.161, Florida Statutes (1977). The Secretary of State accepted service. A motion for default was filed and although no default was entered, a final judgment was entered against the defendant. Within ten days, the defendant moved to vacate the judgment upon the ground that he had not been served with process. Defendant's motion was denied and this appeal is from that order.
Appellant urges that no ground for substituted service under the statute appears *317 in the record. Appellee urges that the issuance of three summonses, all of which were returned unserved, is sufficient to show that defendant was concealing his whereabouts as set forth as a basis for substituted service in Section 48.181, Florida Statutes (1977).
One seeking to effect substituted service of process has the burden of presenting facts which clearly justify the applicability of the statute. AB CTC v. Morejon, 324 So.2d 625 (Fla. 1975). The failure of the sheriff and a process service to locate the defendant at three addresses furnished by the plaintiff is not enough to establish concealment. The record does not show by affidavit or otherwise that sufficient search and inquiry was actually made to ascertain that the defendant was concealing his whereabouts. Cf. Fleischman v. Morris, 260 So.2d 278 (Fla.3d DCA 1972).
Therefore, the order denying defendant's motion to vacate the final judgment is reversed, and the cause is remanded for further proceedings.
Reversed and remanded.