377 So.2d 776 (1979)
Daniel ROBINSON and Excel Insurance Co., Appellants,
v.
David CORNELIUS, Appellee.
No. 79-1279.
District Court of Appeal of Florida, Fourth District.
December 5, 1979.
*777 Jack L. Gallie of Kahn & Gustafson, Fort Lauderdale, for appellants.
Michael S. Grossman of Herskowitz & Grossman, P.A., Miami, for appellee.
HERSEY, Judge.
This was an action to recover damages for injuries resulting from an automobile accident. Service of process was effected upon appellant Daniel Robinson's insurance company by service on the Insurance Commissioner of the State of Florida. Appellee attempted to perfect service on the individual appellant pursuant to the provisions of Sections 48.161 and 48.171, Florida Statutes (1977) on the grounds that Robinson was avoiding service of process. The trial court entered an order on May 1, 1979 finding that sufficient evidence appeared in the record to support the conclusion that adequate search and inquiry had been made as to the whereabouts of Robinson and that Robinson was either concealing his whereabouts or residing without the State. The court found service under the long-arm statute proper and gave appellant Robinson thirty days from the date of the order within which to file a responsive pleading. This appeal was taken from that order.
The sole question presented by this appeal is the sufficiency of appellee's search and inquiry to determine the whereabouts of appellant Robinson. Appellee obtained an address (533 N.W. 19th Avenue, Fort Lauderdale, Florida), from the Florida Department of Motor Vehicles and unsuccessfully attempted to have process served at that address. Subsequently, appellee made another inquiry to the Florida Department of Motor Vehicles, but received the same address. Appellee then served Interrogatories on appellant, Excel, the answers to which disclosed that Excel had made contact with appellant Robinson at a different address in Fort Lauderdale, at 1557 West Sunrise Boulevard. There is no indication in the record that appellee ever made any effort to determine whether appellant Robinson might have been at this second address. As a matter of fact, appellee requested one Lomazzo to investigate the whereabouts of defendant Robinson in June of 1978. The affidavit of Lomazzo, dated January 15, 1979, disclosed that investigation was made at the 533 address, concluding *778 that appellant Robinson no longer resided there. Subsequently, appellee's counsel went to the same address and gave an affidavit to the effect that appellant Robinson did not reside there. On two different occasions, at appellee's directions, the Secretary of State attempted service of process by mail to the 533 address.
Aside from the two inquiries to the Florida Department of Motor Vehicles and various attempts to locate appellant Robinson at the 533 address, the record does not disclose any meaningful search or inquiry as to the whereabouts of appellant Robinson. There is not even an allegation that the telephone book was checked or that the address disclosed in the Answers to Interrogatories was investigated. In short, appellee, possessed of the knowledge that appellant Robinson did not reside at the 533 address, on six or seven occasions took some action, the success of which was predicated upon appellant Robinson's continued residence at the 533 address.
In Bird v. International Graphics, Inc., 362 So.2d 316, 317 (Fla. 3rd DCA 1978), addressing this issue, the court said:
One seeking to effect substituted service of process has the burden of presenting facts which clearly justify the applicability of the statute. AB CTC v. Morejon, 324 So.2d 625 (Fla. 1975). The failure of the sheriff and a process service to locate the defendant at three addresses furnished by the plaintiff is not enough to establish concealment. The record does not show by affidavit or otherwise that sufficient search and inquiry was actually made to ascertain that the defendant was concealing his whereabouts. Cf. Fleischman v. Morris, 260 So.2d 278 (Fla. 3d DCA 1972).
If failure to locate the defendant at three addresses is not sufficient to establish concealment, then how much more effective are six or seven such attempts at one address?
In Leviten v. Gaunt, 360 So.2d 112, 113 (Fla. 3rd DCA 1978), the Court stated:
A statute providing for substituted service must be strictly construed, and the party seeking to effect service under it has the burden of presenting facts which clearly justify its applicability. Young Spring Wire Corporation v. Smith, 176 So.2d 903 (Fla. 1965), and cases cited therein. Where neither the affidavit nor the record reveal appropriate diligence in seeking to find the party sought to be served, nor in establishing the fact that such party was indeed attempting to conceal himself, the mere filing of an affidavit alleging concealment is an insufficient basis upon which to predicate substituted service. Fleischman v. Morris, 260 So.2d 278 (Fla. 3d DCA 1972)."
A statute for constructive service of process must be strictly complied with, and the burden is on the plaintiff seeking to obtain service under it to show strict compliance. Callaghan v. Callaghan, 337 So.2d 986 (Fla. 4th DCA 1976). The plaintiff must reasonably employ knowledge at his command, so that, if possible, the defendant will have notice of the suit. McAlice v. Kirsch, 368 So.2d 401 (Fla. 3rd DCA 1979).
Where the failure of delivery of process is not caused by the defendant addressee's rejection of the mail, and where such failure might have resulted from a cause not chargeable to the defendant, then the statutory requirements for constructive service of process have not been met and the service of process is therefore insufficient. Turcotte v. Graves, 374 So.2d 641 (Fla. 4th DCA 1979).
Under the circumstances, it is clear that appellee did not even minimally sustain the burden imposed by law of diligent search and inquiry sufficient to justify substituted service of process. The Order on Defendant's Motion to Dismiss of May 1, 1979 is in that respect erroneous, and we therefore reverse with instructions to enter an order granting the appellant's motion to dismiss.
REVERSED AND REMANDED.
MOORE and GLICKSTEIN, JJ., concur.