389 So.2d 1216 (1980)
Ronald L. BARRIAT and Industrial Fire and Casualty Insurance Co., Appellants,
v.
Autley F. SALAHUD-DIN et al., Appellees.
No. 80-512.
District Court of Appeal of Florida, Third District.
October 28, 1980.
*1217 Jeanne Heyward, Goodhart & Rosner, Miami, for appellants.
Brian Hal Leslie, North Miami, for appellees.
Before NESBITT, BASKIN and DANIEL S. PEARSON, JJ.
PER CURIAM.
This is an interlocutory appeal by Industrial Fire and Casualty Insurance Company (the insurer) and Barriat (the insured) from the trial court's order refusing to abate further proceedings until service of process was effected upon Barriat, an indispensable party to the action. See Kephart v. Pickens, 271 So.2d 163 (Fla. 4th DCA 1972).
In January 1978, the plaintiffs, Salahud-Din, Sr. and Jr., and Barriat were involved in an automobile accident. Barriat, a resident of Florida at the time of the accident, supplied his home address and place of employment to police investigating the accident. In July 1979, the Salahud-Dins sued Barriat and Industrial. Summonses to Barriat issued to the addresses supplied by him a year and a half earlier were returned unserved, with the notations that Barriat was not listed as a resident of the apartment complex and did not work at the place of employment. A month later, the plaintiffs unsuccessfully attempted to serve Barriat at an address last known to Industrial. The return indicated that Barriat was not listed as a resident of this apartment complex or known to the manager. Based upon these abortive efforts to effect service on Barriat, the plaintiffs' attorney filed an affidavit in support of substituted service, alleging that he had good reason to believe that Barriat "is not within the State of Florida or is concealing his whereabouts." The trial court, implicitly finding that a sufficient predicate for substituted service had been laid, denied the defendants' motion to abate further proceedings. We reverse.
A party seeking to effect substituted service of process under a long-arm statute has the burden of presenting facts which clearly justify the applicability of the statute. See AB CTC v. Morejon, 324 So.2d 625 (Fla. 1976). In Bird v. International Graphics, Inc., 362 So.2d 316 (Fla.3d DCA 1978), we held that the failure to locate a defendant at three addresses is not enough to establish that the defendant was concealing his whereabouts. While in Bird no affidavit was filed to show that a diligent search and inquiry had been made, the filing of an affidavit, as in the present case, which merely says that Barriat could not be found at a residence and job which antedated the attempted service by a year and a half, and was not at still another residence, does not, as the plaintiffs contend, make Bird distinguishable. The conclusory statement that a diligent search was made falls short of setting forth facts from which a court may conclude that a diligent search has indeed been made. See Robinson v. Cornelius, 377 So.2d 776 (Fla. 4th DCA 1979).
*1218 Accordingly, the order of the trial court is reversed with directions to abate further proceedings until either personal service of process is effected on Barriat or a legally sufficient showing is made by the plaintiffs which would authorize substituted service of process upon the Secretary of State pursuant to Section 48.171, Florida Statutes (1979).
Reversed and remanded.