445 So.2d 1104 (1984)
Michael SHIFFMAN, Appellant,
v.
John Kirby STUMPFF and Hallie J. Stumpff, His Wife, and United States Fidelity and Guaranty Company, Appellees.
No. 83-1123.
District Court of Appeal of Florida, Fourth District.
February 29, 1984.
*1105 Scott A. DiSalvo of Fazio, Dawson & DiSalvo, Fort Lauderdale, for appellant.
Harry M. Hausman of David L. Kahn, P.A., Fort Lauderdale, for appellees-Stumpff.
DELL, Judge.
The non-resident defendant in a negligence action appeals from the trial court's order denying his motion to quash service of process. We have jurisdiction. Fla.R. App.P. 9.030(b)(1)(B) and 9.130(a)(3)(C)(i).
An automobile accident occurred in 1976. Appellee attempted to secure substituted service upon appellant by serving process upon the Secretary of State in 1980. Appellee failed to file an affidavit of compliance as required by section 48.161(1), Florida Statutes (1981). On July 14, 1980, appellant specially appeared and moved to quash for failure to comply with Chapter 48, Florida Statutes. No further activity with reference to this motion occurred for two years and five months.[1] On November 10, 1982, before any hearing took place, the court below denied appellant's motion to quash and allowed appellee ten days in which to file an affidavit of compliance or face dismissal. Appellee filed his affidavit two days later.
Section 48.161(1) provides for substituted service upon a nonresident defendant by leaving a copy of the process with the designated public officer. It also requires:
Notice of service and a copy of the process shall be sent forthwith by registered or certified mail by the plaintiff or his attorney to the defendant, and the defendant's return receipt and the affidavit of the plaintiff or his attorney of compliance shall be filed on or before the return day of the process or within such time as the court allows, ... (emphasis added).
Clearly, appellee failed to file his affidavit of compliance by the return day of the process. Equally clearly, appellee filed his affidavit within the time the court allowed. Therefore, we must determine whether the trial court committed error when it sua sponte permitted appellee to file the affidavit two years and five months late.
Unless the plaintiff has complied with section 48.161, the court does not have jurisdiction. Orange Motors of Coral Gables, Inc. v. Rueben H. Donnelley Corp., 415 So.2d 892 (Fla.3d DCA 1982); P.S.R. Associates v. Artcraft-Heath, 364 So.2d 855 (Fla. 2d DCA 1978). Cases construing this and other substituted service statutes have repeatedly held that such statutes must be strictly construed and strictly complied with. See, e.g., Panter v. Werbel-Roth Securities, Inc., 406 So.2d 1267 (Fla. 4th DCA 1981); George Fischer Ltd. v. Plastiline, Inc., 379 So.2d 697 (Fla. 2d DCA 1980); Leviten v. Gaunt, 360 So.2d 112 (Fla. 3d DCA 1978); Century Brick Corp. of America v. Gatewood, 157 So.2d 95 (Fla. 3d DCA 1963); Rever v. Lapidus, 151 So.2d 61 (Fla. 3d DCA 1963).
Appellee contends that he has strictly complied, because he filed his affidavit of compliance "within such time as the court allows," a matter within the trial court's discretion. However, the policy which appears from the above cited cases is that substituted service statutes must be strictly construed against the party seeking to exercise long-arm jurisdiction. Not only does the plaintiff bear the initial burden to demonstrate compliance with the statute, once the defendant has made a prima facie *1106 showing of failure to comply, the burden again shifts to the plaintiff to demonstrate the statute's applicability.
We have discovered only one case in which a trial court specifically permitted late filing of the affidavit of compliance. Green Manor Const. Co. v. Punta Gorda Ready Mixed Concrete, Inc., 159 So.2d 255 (Fla. 2d DCA 1963); rev'd on other grounds, 166 So.2d 889 (Fla. 1964). Therein, however, the plaintiff filed his affidavit not more than two months late, and well before the defendant contested jurisdiction upon the ground of failure to file the affidavit of compliance. Our sister court correctly held that the plaintiff had satisfied the substituted service statute by filing his affidavit within such time as the court allowed.
The case sub judice presents a markedly different set of facts. Appellee did not comply with the statute and made no effort to do so before appellant moved to quash. After appellant filed his motion, appellee still made no effort to remedy his omission; he never even sought the court's permission to file his affidavit late. The trial court denied the motion to quash despite appellant's unrebutted prima facie demonstration of lack of jurisdiction, and despite two years and five months of inaction by appellee.
Appellee failed to carry his burden of proof. The trial court erred when it denied appellant's motion to quash.
REVERSED AND REMANDED WITH DIRECTIONS TO QUASH SERVICE OF PROCESS.
DOWNEY and HERSEY, JJ., concur.
NOTES
[1] In fact, no Record activity at all occurred until one year later, when appellant's insurer/co-defendant moved to dismiss for lack of prosecution. Appellant's motion to quash was set for hearing on November 23, 1981, but continued upon a stipulation that nothing further would be filed for record. The parties noticed several hearings on these motions, but apparently no hearing was held before the court entered the order contested here.