PER CURIAM.
The plaintiff, in a breach of contract action, sought substituted service upon foreign defendants pursuant to the provisions of Section 48.181 of the Florida Statutes (1983). The record fails to reveal that notices required to be sent by registered mail to the defendants pursuant to Section 48.-161 of the Florida Statutes (1983) were accomplished. A default was entered, a final judgment was entered on the default and a writ of garnishment was served on the defendant’s bank account. The record reflects this is the first notice that the defendants had of the litigation. They promptly moved to vacate the default and final judgment thereon and to quash the writ of garnishment. We hold that the trial court erred in failing to do same. Orange Motors of Coral Gables, Inc. v. Rueben H. Donnelley Corporation, 415 So.2d 892 (Fla. 3d DCA 1982); P.S.R. Associates v. Artcraft-Heath, 364 So.2d 855 (Fla. 2d DCA 1978); Leviten v. Gaunt, 347 So.2d 452 (Fla. 3d DCA 1977); Parish Mortgage Corporation v. Davis, 251 So.2d 342 (Fla. 3d DCA 1971). Therefore, we reverse the final judgment here under review with directions to vacate the default and quash the writ of garnishment.
Reversed and remanded with directions.