PER CURIAM.
The only point meriting discussion is whether the trial court erred in denying appellant Dowd’s motion to quash service of process. The record demonstrates that the appellee failed to comply with the notice of service of process requirements of section 48.161, Florida Statutes (1983). Sierra Holding, Inc. v. Sharp Electronics Corp., 471 So.2d 196 (Fla. 4th DCA 1985), and Robinson v. Cornelius, 377 So.2d 776 (Fla. 4th DCA 1979). Thus, we reverse and remand for the appellee to perfect service of process.
In all other respects, we affirm the trial court’s decision.
HERSEY, C.J., and LETTS and HURLEY, JJ., concur.