492 So.2d 839 (1986)
Carol J. KNABB and Standard Guaranty Insurance Company, Appellants,
v.
Susan Arlene MORRIS, a/K/a Susan Adeline Morris, Appellee.
No. 86-352.
District Court of Appeal of Florida, Fifth District.
August 14, 1986.
*840 Lora A. Dunlap and Reinald Werrenrath, III of Fisher, Rushmer, Werrenrath, Keiner, Wack & Dickson, P.A., Orlando, for appellants.
Anthony I. Provitola, P.A., DeLand, for appellee.
COBB, Judge.
Knabb appeals the denial of her motion to quash service of process made by appellee/plaintiff below, Susan Morris.
Morris filed a complaint against Knabb and Standard Guaranty Insurance Company (Standard) in September, 1984, arising out of a September, 1980, automobile accident. Service of process was perfected on Standard, Knabb's insurance carrier; however, service of process on Knabb was twice returned unserved. Morris then attempted to achieve substitute service of process on Knabb via section 48.171, Florida Statutes (1985).[1]
Morris amended her complaint to allege that Knabb was a resident of the State of Florida at the time of the accident, but was either no longer a resident or was concealing her whereabouts in Florida. Morris also submitted two affidavits. The first affidavit was from her attorney, showing that he had complied with section 48.171 requirements by sending notice to the Secretary of State. The affidavit noted that Morris sent a copy of the complaint by registered mail to Knabb's last known address on August 30, 1985. The complaint was returned marked "Moved Left No Address."
The affidavit of a private investigator hired by Morris was also submitted. His investigation had begun in early 1985 and concluded in May of 1985. The investigator stated that he first went to a Gulf Avenue address listed on the accident report, but Knabb was unknown to the present occupants. The investigator then went to 552 Palmetto Avenue (for reasons unknown) and found no record of Knabb's whereabouts. Knabb was also unknown to the occupants of an East Cypress address listed on Knabb's driving record. The caretaker there, however, stated that she had moved out in September or October of 1984 and left no forwarding address. The investigator searched through the telephone directories and found Knabb listed as having the East Cypress Street address. The investigator contacted the U.S. Postal Service, who informed him that Knabb left no forwarding address. Knabb also was not listed at any of the utility companies.
Knabb moved to quash the service of process on the ground, inter alia, that the facts did not justify substituted service. After a hearing, the motion was denied and this appeal ensued.
The issue on appeal is whether the facts adduced at the hearing support a finding of due diligence by the plaintiff in effectuating substituted service of process *841 on Knabb. The burden to make that showing was on the plaintiff. See AB CTC v. Morejon, 324 So.2d 625 (Fla. 1975); Barriat v. Salahud-din, 389 So.2d 1216 (Fla. 3d DCA 1980); Robinson v. Cornelius, 377 So.2d 776 (Fla. 4th DCA 1979); Bird v. International Graphics, Inc., 362 So.2d 316 (Fla. 3d DCA 1978); Leviten v. Gaunt, 360 So.2d 112 (Fla. 3d DCA 1978); Fleischman v. Morris, 260 So.2d 278 (Fla. 3d DCA 1972).
There is a strong public policy interest in seeing that a defendant receives notice of any actions against him so that he may have his day in court in accordance with due process requirements. For this reason, substituted service of process statutes must be strictly complied with. See generally, AB CTC v. Morejon, supra; Young Spring & Wire Corporation v. Smith, 176 So.2d 903 (Fla. 1965); Barriate v. Salahud-din, supra; Robinson v. Cornelius, supra. Thus, failure to utilize obvious and available leads to locate the defendant is fatal to a finding of due diligence.
In Leviten, supra, the plaintiffs sent notice to the secretary of state and service to two addresses of the defendant in Miami. Both were returned  one marked "unclaimed" and the other marked "no such street number and not in the directory." Plaintiff's attorney deposed defendant's parents, who stated that she had moved out nearly a year before the initiation of the lawsuit after a personal argument, and since that time they had only received a single post card from her from Paris. The parents did, however, give plaintiff's attorney the names and addresses of twelve persons who knew their daughter, several of whom resided in Dade County. Without making any attempt to follow up on these leads, plaintiff's counsel filed an affidavit stating that defendant was concealing her whereabouts. The Second District stated: "The record is devoid of proof that she was concealing her whereabouts, and equally devoid of any evidence of due diligence on the part of the plaintiff to search for her." The court further noted that in order to qualify for substituted service, one cannot merely file an affidavit alleging concealment, and that at a minimum available leads must be utilized.
In Robinson, supra, the plaintiff first searched, unsuccessfully, for the defendant at an address obtained from the Florida Department of Motor Vehicles. The plaintiff then acquired a new address based on the insurance company's response to interrogatories, but never attempted to locate the defendant at the new address. The Fourth District found that this search was insufficient.
In the present case, although three addresses, the telephone directory, the postal service and several utilities companies were investigated, certain obvious lead to Knabb's whereabouts were available and not utilized. Notably, the vehicle accident report contained addresses of the occupants of the car driven by appellant during the auto accident. Both addresses are located in the county where both the accident and the litigation occurred. The record shows no attempt to contact these people as to Knabb's whereabouts. For this reason, the substituted service of process in this case must fail due to lack of due diligence. Accordingly, the order entered below is
REVERSED.
DAUKSCH and COWART, JJ. concur.
NOTES
[1] Section 48.171, Florida Statutes, provides as follows:

Service on nonresident motor vehicle owners, etc.  Any nonresident of this state, being the operator or owner of any motor vehicle, who accepts the privilege extended by the laws of this state to nonresident operators and owners, of operating a motor vehicle or of having it operated, ... within the state, or any resident of this state, being the licensed operator or owner of or the lessee, or otherwise entitled to control any motor vehicle under the laws of this state, who becomes a nonresident or conceals his whereabouts, by the acceptance or licensure and by the operation of the motor vehicle, ... constitutes the Secretary of State his agent for the service of process in any civil action begun in the courts of the state against such operator or owner, ... arising out of or by reason of any accident or collision occurring within the state in which the motor vehicle is involved.