PER CURIAM.
Ruby Palomino seeks reversal of the trial court’s order denying her motion to quash service by publication. The affidavit of Federal National Mortgage Association, plaintiff below, states, among other things, that “[d]efendant(s) have concealed themselves [sic] so that process can be personally served upon them [sic].... ” (Emphasis supplied.) Palomino contends that the affidavit was insufficient to support constructive service pursuant to sections 49.011(1), .021(1), .031-041, Florida Statutes (1985). We agree.
As a prerequisite to utilizing constructive service of process, plaintiff must establish the threshold requirement: inability to effectuate personal service. Taylor v. Lopez, 358 So.2d 69 (Fla. 3d DCA 1978); §§ 49.021(1), .041, Fla.Stat. (1985);[1] see Bedford Computer Corp. v. Graphic Press, Inc., 484 So.2d 1225 (Fla.1986); see also Burton v. Burton, 448 So.2d 1229 (Fla. 2d DCA 1984) (constructive service of process proper in dissolution of marriage action when personal service cannot be had); Shefer v. Shefer, 440 So.2d 1319 (Fla. 3d DCA 1983) (same). Statutes permitting constructive or substituted service of process are strictly construed, and plaintiff has the burden of demonstrating the validity of substituted service. Taylor; Callaghan v. Callaghan, 337 So.2d 986 (Fla. 4th DCA 1976); Fleischman v. Morris, 260 So.2d 278 (Fla. 3d DCA 1972); see Young Spring & Wire Corp. v. Smith, 176 So.2d 903 (Fla.1965); Leviten v. Gaunt, 360 So.2d 112 (Fla. 3d DCA 1978). In the case before us, plaintiff’s affidavit states that personal service can be effected; the affidavit is therefore facially insufficient to justify the use of constructive service. Thus the trial court did not acquire jurisdiction over Palomino.
Reversed and remanded with directions to quash service of process.

. Section 49.021(1) provides:
49.021 Service of process by publication, upon whom. — Where personal service of process cannot be had, service of process by publication may be had upon any party, natural or corporate, known or unknown, including:
(1)Any known or unknown natural person, and, when described as such, the unknown spouse, heirs, devisees, grantees, creditors or other parties claiming by, through, under or against any known or unknown person, who is known to be dead or is not known to be either dead or alive_ (Emphasis supplied.)
Section 49.041 states:
49.041 Sworn statement, natural person as defendant. — The sworn statement of the plaintiff, his agent or attorney, for service of process by publication against a natural person, shall show:
(1) That diligent search and inquiry have been made to discover the name and residence of such person, and that the same is set forth in said sworn statement as particularly as is known to the affiant; and
(2) Whether such person is over or under the age of 18 years, if his age is known, or that his age is unknown; and
(3) In addition to the above, that the residence of such person is, either:
(a) Unknown to the affiant; or
(b) In some state or country other than this state, stating said residence if known; or
(c) In the state, but that he has been absent from the state for more than 60 days next preceding the making of the sworn statement, or conceals himself so that process cannot be personally served upon him, and that affiant believes that there is no person in the state upon whom service of process would bind said absent or concealed defendant. (Emphasis supplied.)