GLICKSTON, J.,
concurring specially.
The trial court denied appellant’s motion to quash constructive service of process. We are affirming. The affidavit of compliance executed by appellee’s trial counsel and considered by the trial court recited the following:
1. That on or about August 23, 1985, the Plaintiff, KATHLEEN FALLS, was involved in an automobile accident with a car driven by Defendant KENT HOWELL.
2. That after diligent search and inquiry, the undersigned counsel has been unable to serve the Defendant, KENT HOWELL.
3. That the undersigned counsel has attempted to serve defendant, KENT HOWELL, at his address indicated as his residence in the accident investigation report attached hereto as exhibit 1. However, no service has been obtained upon the aforementioned Defendant at this address.
4. That the undersigned counsel for Plaintiff has searched the telephone directories and public records of Dade, Broward and Palm Beach counties in an effort to obtain the address of Defendant, KENT HOWELL. However, this has been to no avail.
5. That the undersigned counsel of record for Plaintiff has attempted to obtain the address of said Defendant through the use of a professional tracing service, but to no avail.
In my opinion the foregoing is substantially different from the cursory efforts described in Barriat v. Salahud-Din, 389 So.2d 1216 (Fla. 3d DCA 1980). Not only was service attempted at the address provided by appellant, but telephone directories and public records of three counties were searched, and a professional tracing service engaged, to no avail. Such facts show there was diligent search and inquiry, and gave reason to believe appellant either had left the state or was concealing his whereabouts.