PER CURIAM.
The former husband appeals the trial court’s denial of his motion to set aside a final dissolution judgment for improper service of process wherein his interest in certain real property was transferred to the former wife as equitable distribution. At the outset, we note that the former husband does not seek to overturn the dissolution, rather, he seeks only to have the court’s equitable distribution contained in the judgment reversed.
The parties were married in New York in 1989. Shortly thereafter, the former wife moved to Florida and the former husband remained in New York. During the marriage, they jointly purchased a home in Florida. It is undisputed that the former husband never lived or worked in Florida during the marriage and always maintained his residence in New York. It is also undisputed that the former wife lived in Florida at the home jointly purchased by the parties. Although the parties did not reside together, they occasionally visited each other and maintained contact.
In 1993, the former wife filed for dissolution of the marriage in Florida and sought exclusive possession of the Florida home. She attempted personal service on the former husband at his last known address in New York. According to the process server’s affidavit, service could not be effectuated because the former husband had moved and left no forwarding address. The former wife then sought service of the former husband through publication. In support of such service, she filed an affidavit of diligent search and inquiry pursuant to sections 49.031 through 49.041, Florida Statutes *663 (1995), wherein she asserted that she had checked local telephone directories, visited or called her former husband’s last known address, visited or called his last place of employment in Florida (Three Cheers Bar), attempted personal service there, and contacted his family and friends. The former wife then proceeded to serve the former husband by publication. After service by publication was completed, the court entered a final judgment of dissolution and transferred all of the former husband’s interest in the couple’s Florida home to the former wife.
When the former husband subsequently learned of the judgment, he filed a motion to have it set aside. Significantly, at the hearing on this motion, the former wife’s testimony contradicted the sworn allegations made in her prior affidavit of diligent search and inquiry. She specifically admitted that her former husband never worked in Florida, she never tried to contact his relatives (although she knew their whereabouts), and that her former husband never worked at the Three Cheers Bar in Florida. Additionally, the record below established that the former wife actually knew where the former husband worked in New York, but never attempted to personally serve him there. Based upon this testimony, the former husband requested the court below to set aside the final judgment insofar as it related to the equitable distribution of the property. The trial court’s denial of his motion prompted this appeal.
It is axiomatic that a statute allowing for constructive service must be strictly construed. Palomino v. Federal Nat’l Mortgage Assoc., 504 So.2d 445, 446 (Fla. 3d DCA 1987); Shiffman v. Stumpff, 445 So.2d 1104, 1105 (Fla. 4th DCA 1984); Leviten v. Gaunt, 360 So.2d 112, 113 (Fla. 3d DCA 1978) (statute providing for substituted service must be strictly construed). The party seeking to invoke the use of service by publication must be able to establish that personal service could not be made. See Meiliunas v. O’Leary, 483 So.2d 509, 510 (Fla. 4th DCA 1986). Although the affidavit of diligent search and inquiry submitted by the former wife on its face appeared to be sufficient, we think that her testimony in the proceeding below clearly established that it was in fact nothing short of perjurious and fraudulent. This court and others have said that a divorce decree may be set aside on the ground of fraud if the evidence reveals that the affidavit upon which publication of process was had was false. See Gravel v. Bailey, 187 So.2d 667, 669 (Fla. 3d DCA 1966); Corrigan v. Corrigan, 184 So.2d 664, 666 (Fla. 4th DCA 1966) (dissolution set aside where evidence established that husband committed fraud in sworn statement a predicate for procuring constructive service of process); Martz v. Riskamm, 144 So.2d 88, 85-86 (Fla. 1st DCA 1962) (evidence was sufficient to set aside divorce decree due to false affidavit of diligent search and address). Thus, we find that the trial court erred in not setting aside the equitable distribution award in the final dissolution judgment as requested by the former husband and we reverse and remand for further proceedings in this regard.
We further note from our review of the record that the former husband may be in possession of marital assets which should be considered by the court in its final equitable distribution award.[1]
Accordingly, we affirm the parties’ dissolution decree in all respects except the court’s *664 award of the home to the former wife as equitable distribution and we remand for an equitable distribution award based upon all of the marital assets of both parties.
Affirmed in part, reversed in part.

. The former wife testified as follows:
[The Court]: He [husband] bought the property while the two of you were married?
[The Wife]: Yes, your Honor.
¡The Court]: Okay. Do you have any idea how much the property is worth?
[The Wife]: I don’t know. Maybe a New York co-op, over $100,000. It was nice apartment.
I saw it. He asked me to come by and look....
******
[The Court]: Was there anything else purchased during the marriage?
[The Wife]: Maybe there were other things purchased that I could not attest to.
[The Court]: But to your knowledge, is there
any other real estate or cars or-
[The Wife]: A car.
[The Court]: Okay.
[The Wife]: Motorcycle.