NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

COASTAL CAPITAL VENTURE, LLC; )
COASTAL MEDICAL IMAGING, LLC; )
BRIAN H. MERRITT; and LYNDA )
MERRITT, )
)
       Appellants, )
)
v. )    Case No. 2D13-2915
)
INTEGRITY STAFFING SOLUTIONS, )
INC., d/b/a INTEGRITY STAFFING )
SOLUTIONS AND SERVICES, INC., )
a/a/o FORTRAN GROUP )
INTERNATIONAL, INC., )
)
       Appellee. )
_____)

Opinion filed September 12, 2014.

Appeal pursuant to Fla. R. App. P. 9.130
from the Circuit Court for Hillsborough
County; Mark R. Wolfe, Judge.

Daniel A. Bushell of Bushell Appellate Law,
P.A., Fort Lauderdale, for Appellants.

R.G. McCormick, Jr., of The Bleakley
Bavol Law Firm, Tampa, for Appellee.


NORTHCUTT, Judge.

       Coastal Capital Venture LLC, Coastal Medical Imaging LLC, and Brian

and Lynda Merritt challenge the denial of their motion to set aside a default judgment.

They argue that the plaintiff below, Integrity Staffing Solutions Inc., failed to properly

serve them with process. We agree and reverse.

Integrity Staffing's complaint alleged that its assignor, Fortran Group International Inc., bought a mobile MRI unit and leased it to the Coastal LLCs. Brian Merritt was a managing member of the Coastal entities; and both he and Lynda Merritt, his wife, signed personal guaranties of the lease obligations. After the Coastal LLCs failed to pay as required under the lease, Integrity Staffing filed suit against the Coastal LLCs and the Merritts.

Integrity Staffing filed an amended complaint alleging that the Merritts were Florida residents who were "concealing their location." It effected substituted service of process on the defendants by delivering it to the Florida Secretary of State pursuant to section 48.181(1), Florida Statutes (2012). That statute permits substitute service on Florida residents who conceal their whereabouts. After none of the defendants responded to the suit, a default judgment was entered against them.

In Integrity Staffing's amended complaint, its motion for default, and an affidavit of its attorney, it recounted that the Merritts lived in a Sarasota condominium but that they had not been seen there in several months. Two different process servers attempted to serve them multiple times at the condominium without success. It was further alleged that the Merritts also owned a single-family residence but that it appeared abandoned. A private investigator had performed a "skip trace" but identified no other addresses for the Merritts.

However, the evidence before the circuit court at the hearing on the defendants' motion to set aside the judgment established without contradiction that during the relevant period the Merritts were on an extended business trip in California. Further, during this time the president of Fortran was in regular telephone and text communication with Brian Merritt and was aware that the Merritts were in California.

Despite this, Fortran's president did not inform the Merritts of the attempts to serve them or seek to arrange for service in California.

Substitute service is unauthorized if personal service could be obtained through reasonable diligence. McDaniel v. McElvy, 108 So. 820, 830 (Fla. 1926). The test is

> whether the complainant reasonably employed knowledge at his command, made diligent inquiry, and exerted an honest and conscientious effort appropriate to the circumstances, to acquire the information necessary to enable him to effect personal service on the defendant.

Id. at 830-31 (citation omitted).

Obviously, the necessary diligence is not established by repeatedly sending a process server to an address when the resident is known to be out of town. Cf. Robinson v. Cornelius, 377 So. 2d 776, 778 (Fla. 4th DCA 1979) (concluding that diligent search was not performed, and substituted service was not justified, when the serving party knew that the opposing party did not reside at a particular address but attempted service at that address on multiple occasions).

As aptly explained in Knabb v. Morris, 492 So. 2d 839, 841 (Fla. 5th DCA 1986),

> [t]here is a strong public policy interest in seeing that a defendant receives notice of any actions against him so that he may have his day in court in accordance with due process requirements. For this reason, substituted service of process statutes must be strictly complied with. Thus, failure to utilize obvious and available leads to locate the defendant is fatal to a finding of due diligence.

Id. at 841 (citations omitted); see also Mayo v. Mayo, 344 So. 2d 933 (Fla. 2d DCA 1977) (reversing default judgment based on invalid constructive service; serving party

failed to show that he had inquired of persons likely to know the whereabouts of the opposing party).

Here, Fortran's president was in regular communication with Brian Merritt during the pertinent time, and he knew that the Merritts were out of town. But he did not ask Merritt where they could be served. This failure to use an "obvious and available" resource was fatal to Integrity Staffing's resort to substituted service. Accordingly, we reverse. On remand, the circuit court shall vacate the default judgment.

Reversed and remanded with directions.

SILBERMAN and CRENSHAW, JJ., Concur.