422 So.2d 1055 (1982)
Dillard BODDEN, Jr., Appellant,
v.
Samuel Keith YOUNG, Appellee.
No. 82-1481.
District Court of Appeal of Florida, Fourth District.
December 1, 1982.
Dennis A. Vandenberg of Brennan, McAliley, Hayskar & McAliley, West Palm Beach, for appellant.
Arnold D. Hessen and Robert L. Schimmel of Kaplan, Sicking, Hessen, Sugarman, Rosenthal & De Castro, P.A., Miami, for appellee.
*1056 BERANEK, Judge.
This is an interlocutory appeal from an order on jurisdiction over the person of appellant/defendant. The question is whether plaintiff made a sufficient search and inquiry to satisfy the statutory requirements for constructive service of process on a person who conceals his whereabouts within the State. See Section 48.161, Florida Statutes (1981). Plaintiff filed suit for personal injury growing out of an automobile accident. The defendants were the owner and driver of the other vehicle. Personal service was effected on the owner but not on the driver. The accident occurred in West Palm Beach, Florida, and both defendants were alleged to be residents of that city. Plaintiff attempted personal service of process on the driver at his last known address. The driver no longer lived there, and the present occupant at the address stated that the driver was "unknown." Plaintiff sought to locate the driver through the United States Postal Authorities, the telephone company, the utility company, and through other public agencies. All of these inquiries were unsuccessful. Plaintiff also sought to locate the adverse driver through discovery directed to the owner of the car. The car owner was an acquaintance of the driver and had given him permission to use the car. The owner stated under oath that the driver's present address was the same address at which service had been previously attempted and at which the driver was unknown. After service on the Secretary of State, appellant specially appeared through counsel, contesting jurisdiction. Appellant filed a motion to quash challenging the plaintiff's affidavit of compliance, asserting that the affidavit failed "to state [a] sufficient factual basis supporting the claim that there is a concealment." The court denied the motion and we affirm.
The motion to quash was, at best, vague. The motion gave no information whatsoever as to how the asserted defects in service could be cured; it simply alleged that plaintiff had not sufficiently proved concealment. See Over 30 Association v. Blatt, 118 So.2d 71 (Fla. 3d DCA 1960). We do not, however, decide the case on the insufficiency of the motion. We simply conclude that the record demonstrates a sufficient search and inquiry in accordance with established precedent. See Robinson v. Cornelius, 377 So.2d 776 (Fla. 4th DCA 1979). The plaintiff must reasonably employ the information available to him in a good faith effort. The trial court so found and we agree.
We, therefore, affirm the trial court's order denying the defendant/driver's motion to quash.
AFFIRMED.
DOWNEY, J., concurs.
ANSTEAD, J., dissents with opinion.
ANSTEAD, Judge, dissenting:
As was the case in Robinson v. Cornelius, 377 So.2d 776 (Fla. 4th DCA 1979) I do not believe the appellee made a sufficient showing that the appellant was secreting himself to justify constructive service of process. At most the appellee established that the appellant no longer resided at the same residence where appellant had resided when the incident involved in the lawsuit had occurred.