521 So.2d 254 (1988)
Janet M. CARLINI, Appellant,
v.
STATE of Florida, DEPARTMENT OF LEGAL AFFAIRS, Appellee.
No. 87-1981.
District Court of Appeal of Florida, Fourth District.
March 2, 1988.
*255 Sheldon D. Stevens of Stevens & Peters, P.A., Merritt Island, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Mona Fandel, Asst. Atty. Gen., Fort Lauderdale, for appellee.
EN BANC.
WALDEN, Judge.
This is an appeal from an order denying appellant's/respondent's motion to quash service of process. We reverse.
The appellee, State of Florida, instituted an action for forfeiture of real property, naming as respondents Robert P. Carlini and appellant, Janet M. Carlini, his wife. Service of process was sent to the address for which forfeiture was sought, and it was delivered to Peter Carlini, the brother-in-law of appellant, who did not reside at the attempted place of service. A motion to quash service was filed on behalf of the appellant. Attached to this motion was an affidavit by Peter Carlini which stated that appellant did not live at the address, her whereabouts were unknown to affiant, and that affiant did not reside at the attempted place of service. The trial court denied the motion on the basis that it failed to inform the movant how to cure the defects in service.
We recognize that both this court and the third district has held that a motion alleging a defect in personal jurisdiction must set forth sufficient facts to demonstrate the defect in service and how the defect can be cured. See Leatherwood v. Royal Oaks Rentals, 473 So.2d 721 (Fla. 4th DCA 1985); Over 30 Association, Inc. v. Blatt, 118 So.2d 71 (Fla. 3d DCA 1960). However, for the reasons stated below, we recede from Leatherwood and acknowledge a conflict with Over 30.
The third district in Over 30 refers to federal law as authority for its holding that a motion to quash must state how the defects can be cured. However, there is no requirement in the federal rules that the defects must be identified and cured before a motion to quash will be granted. See Fed.R.Civ.P. 12(b)(2), (4) & 12(b)(2), (5). To be effective, the motion must merely show defects that would cause material prejudice to the defendant's substantial rights. Hawkins v. Department of Mental Health, 89 F.R.D. 127 (W.D.Mich. 1981).
Similarly, there is no requirement in Florida Rule of Civil Procedure 1.140(b) that a motion to quash must state how the alleged defects may be cured. The rule merely states in pertinent part, "[t]he grounds on which any of the enumerated defenses are based and the substantial matters of law intended to be argued shall be stated specifically and with particularity in the responsive pleading or motion."
The object and purpose of service of process is to give notice of the proceedings so that the opposing party may be given the opportunity to defend the suit brought against him. Haney v. Olin Corporation, 245 So.2d 671 (Fla. 4th DCA 1971); Bussey v. Legislative Auditing Committee of the Legislature, 298 So.2d 219 (Fla. 1st DCA 1974), cert. denied, 304 So.2d 451 (Fla. 1974); Home Life Insurance Co. v. Regueira, 243 So.2d 460 (Fla. 2d DCA 1970), cert. denied, 248 So.2d 170 (Fla. 1971). Without proper service of process, the court lacks personal jurisdiction over the defendant. Sierra Holding, Inc. v. Inn Keepers Supply Co., 464 So.2d 652 (Fla. 4th DCA 1985); Bussey; Federal Insurance Co. v. Fatolitis, 478 So.2d 106 (Fla. 2d DCA 1985).
Statutes dealing with service of process are to be strictly construed. Sierra Holding Inc.; Baraban v. Sussman, 439 So.2d 1046 (Fla. 4th DCA 1983). The burden of proof to sustain the validity of service of process is upon the person who seeks to invoke the jurisdiction of the court, and to achieve proper service of process, there must be a strict compliance with the applicable *256 statute. Youngblood v. Citrus Associates of the New York Cotton Exchange, Inc., 276 So.2d 505 (Fla. 4th DCA 1973); Mac Organization, Inc. v. Harry Rich Corp., 374 So.2d 81 (Fla. 3d DCA 1979); Sierra Holding Inc.; Baraban.
By requiring that the motion to quash must state how the defects can be cured, the burden of proof has been improperly shifted from the plaintiff to the defendant. However, the law is clear that the burden of proof to sustain the validity of service of process is upon the person who seeks to invoke the jurisdiction of the court. Youngblood, 276 So.2d at 509. The only affirmative burden on the defendant is to not frustrate or avoid the service, and to accept service when it is reasonably attempted. Haney v. Olin Corporation, 245 So.2d 671 (Fla. 4th DCA 1971).
Furthermore, the plaintiff would not be prejudiced if the motion to quash does not contain how to cure the defect. The reason being is that if, after a diligent search and inquiry, the plaintiff can not locate the defendant, he can obtain valid substituted service of process pursuant to section 48.161, Florida Statutes. Therefore, we hold that in order to be effective, the motion to quash does not need to state how the defect can be cured.
In the instant case, the statute through which the appellee was attempting to achieve service of process was section 48.031(1), Florida Statutes. This section provides:
Service of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents. Minors who are or have been married shall be served as provided in this section.
The appellee had service of process sent to the address of the property for which forfeiture was sought, and it was delivered to Peter Carlini, the brother-in-law of appellant, who did not reside at the attempted place of service.
Clearly, this service of process was not effective. The appellant's motion to quash showed the defects in the service of process. Specifically, that the address was not appellant's usual place of abode and that Peter Carlini, the person with whom the papers were left, was not a resident of the abode. This motion should have been granted.
REVERSED.
HERSEY, C.J., and DOWNEY, ANSTEAD, LETTS, DELL, GUNTHER and STONE, JJ., concur.
GLICKSTEIN, J., concurs specially with opinion.
GLICKSTEIN, Judge, concurring specially.
A couple of years ago, one of the computer manufacturers sponsored a television commercial showing well-dressed executives following one another off a cliff.
In Leatherwood, from which the court is now receding, I made the same follow-the-leader mistake, urging the panel to recede from its original PCA and reverse because of the following language in Bodden v. Young, 422 So.2d 1055, 1056 (Fla. 4th DCA 1982):
The motion to quash was, at best, vague. The motion gave no information whatsoever as to how the asserted defects in service could be cured; it simply alleged that plaintiff had not sufficiently proved concealment. See Over 30 Association v. Blatt, 118 So.2d 71 (Fla. 3d DCA 1960). We do not, however, decide the case on the insufficiency of the motion. We simply conclude that the record demonstrates a sufficient search and inquiry in accordance with established precedent. See Robinson v. Cornelius, 377 So.2d 776 (Fla. 4th DCA 1979). The plaintiff must reasonably employ the information available to him in a good faith effort. The trial court so found and we agree.
We shall never know why the author of Over 30 took us in successive progression *257 over the cliff, because he cites no authority; and I cannot locate any at this time. Speaking for myself, I do know why we followed it, however; namely, an unthinking reliance upon precedential authority.
Fortunately, the author of the court's en banc opinion here correctly questioned the reasoning which led to Bodden and then to Leatherwood, and which almost caused this case as well as Kessel Construction Corp. v. Florida National Bank, 520 So.2d 333 (Fla. 4th DCA 1988) to go over the same cliff.
Appropriate questioning of and receding from precedent which appears to be mistaken is essential to the administration of justice. It would aid that administration of justice, however, to have an en banc rule that plainly required district courts to recede from mistakes.
Having acknowledged my Pavlovian participation in Leatherwood, I now wish to point out to the bench and bar that there is a distinction between quashing service of process and dismissing an action when, as here, there is an issue as to jurisdiction over the person. Wright and Miller, Federal Practice and Procedure (1969), put it this way, in section 1354:
Motions under Rule 12(b)(4) and Rule 12(b)(5) differ from the other motions permitted by Rule 12(b) somewhat in that they offer the court a course of action other than simply dismissing the case when defendant's defense or objection is sustained. Numerous motions under these subdivisions have been treated as motions to quash service of process. Usually a movant requests dismissal and quashing in the alternative or asks for both forms of relief. The courts have broad discretion to dismiss the action or to retain the case but quash the service that has been made on defendant. Of course, the difference between the two is not substantial. In the case of a dismissal, plaintiff merely reinstitutes the action and has process served again, making sure that the earlier defect in the summons or the mode of service has been corrected. When process is quashed, only the service need be repeated.
Service generally will be quashed and the action preserved in those cases in which there is a reasonable prospect that plaintiff ultimately will be able to serve defendant properly. Furthermore, the court may use its discretion not to dismiss the action in those cases in which it is not clear whether proper service has been made; the simplest solution in this situation is to quash process and allow plaintiff another opportunity to serve defendant. The reluctance of the courts to dismiss an action when there is a possibility that effective service will be completed is understandable inasmuch as the dismissal would be without prejudice and would probably lead to the reinstitution of the suit by plaintiff. Thus, dismissal needlessly burdens him with additional expense and delay and postpones the adjudication of the controversy's merits.
(footnotes omitted).
Moore's Federal Practice, paragraph 12.07 [2.-4] (2d ed. 1985), recites about the same thing:
Even if service is not perfected, the court is not required to dismiss the action; it may simply quash service but retain the action. Generally, courts will choose this course when a plaintiff has a reasonable chance to properly complete service, and dismiss only if no reasonable chance to complete service exists.
(footnotes omitted).
National Expositions, Inc. v. DuBois, 97 F.R.D. 400, 403 (W.D.Pa. 1983), exemplifies the reason for the distinction, saying:
Here, we find from our review of the record that the Plaintiffs have a reasonable chance to ultimately serve these Defendants properly. (See residential address of Hollingsworth as set forth in his answers to Plaintiffs' interrogatory, dated February 26, 1982; and, see the residential addresses of Edens, Inc. and its corporate officer as set forth in the deposition testimony of named Defendant, Charles Edens, dated June 16, 1982.) Therefore, we merely quash the insufficient service made as to these two defendants; *258 Plaintiffs may attempt again to serve them with process. Richardson v. Ingram Corp., 374 F.2d 502 (3d Cir., 1967); cert. denied 389 U.S. 866, 88 S.Ct. 134, 19 L.Ed.2d 139 (1967).
(footnote omitted).
Moore, in paragraph 26.56[6], provides a reason for not placing the burden of volunteering information upon the defendant:
Despite a few early cases to the contrary, it is clear that discovery may be had to inquire into facts relating to jurisdiction of the court over the person of the defendant, jurisdiction over the subject matter of the controversy, jurisdiction over property, or facts relating to venue. The district court operates within relatively broad limits of discretion in hearing motions under Rule 12(b), and it has been held that the judge may dispose of such a motion on affidavits, may take oral testimony, or may permit discovery. In cases in which jurisdiction depends upon complicated facts, however, it has been held that it is error to grant a motion to dismiss without affording the plaintiff an opportunity for discovery.
It is common to limit discovery in these cases to facts dealing with jurisdiction, leaving other discovery to await determination of that issue, as "the burdens incident to the status of a defendant ought not to be augmented until it is certain that the party involved is properly a defendant." There are cases, however, in which the jurisdictional questions are so intertwined with the merits that the court might prefer to reserve judgment on the jurisdiction until after discovery has been completed.
(footnotes omitted).
In closing, I note that the court, in its en banc opinion here, does not mention Bodden, much less recede therefrom. It may be argued that the language in Bodden is technically dictum from which it is not necessary to recede. Nevertheless, as is apparent, it had considerable impact.