681 So.2d 855 (1996)
Michael Scott CROSS, Appellant,
v.
Craig KALINA, Appellee.
No. 95-2049.
District Court of Appeal of Florida, Fifth District.
October 18, 1996.
*856 Neil A. Roddenbery of Crawford & Roddenbery, P.A., Lakeland, for Appellant.
No Appearance for Appellee.
THOMPSON, Justice.
Michael Scott Cross ("Cross") appeals the trial court's non-final order denying his motion to abate or in the alternative, dismiss. Cross argues that the trial court lacked personal jurisdiction because Craig Kalina, the plaintiff below, never established that he made a diligent search and inquiry before using substituted service. §§ 48.161, 48.171 Fla. Stat. (1995). We find Kalina did not meet his burden, thus his use of substituted service on Cross was ineffective.
Kalina filed an amended complaint against Michael and Virgil Cross, alleging that Michael's negligence caused Kalina injuries sustained in an automobile accident. Only Michael is involved in this appeal. Kalina's amended complaint alleged that he attempted to serve the Crosses by registered mail at an address in Lake Alfred, Florida. They could not be served at the address, and Kalina alleged that Michael and Virgil were non-residents of Florida or they were concealing their whereabouts, and that he used substituted service because their whereabouts were unknown. Kalina's supporting affidavit stated that a copy of the process and amended complaint had been mailed to the Florida Secretary of State. In the affidavit, Kalina further stated that the notice of service and a copy of the amended complaint were sent by certified mail to Michael and Virgil, and that the mail was undeliverable as addressed because the forwarding order had expired. No other allegation of diligent search was made.
We determine that substituted service was ineffective in this case because Kalina failed to show he exercised due diligence in attempting to locate and serve Cross. A plaintiff may not use substituted service of process allowed by sections 48.161 and 48.171 unless it is shown that efforts have been made to find the defendant. Here, other than one mailing, there is no evidence that any effort was expended to locate Cross. One mailed letter does not satisfy Kalina's burden. Permenter v. Feurtado, 541 So.2d 1331 (Fla. 3d DCA 1989). See, Knabb v. Morris, 492 So.2d 839 (Fla. 5th DCA 1986) (hiring of private investigator not enough to establish due diligence when investigator failed to utilize obvious and available resources to locate defendant). Furthermore, we cannot determine from conclusory statements in Kalina's affidavit that a diligent search was made. Barriat v. Salahud-Din, 389 So.2d 1216, 1217 (Fla. 3d DCA 1980).
We reverse and remand for proceedings not inconsistent with this opinion.
REVERSED and REMANDED with directions.
DAUKSCH and GOSHORN, JJ., concur.