901 So.2d 1029 (2005)
Sonia DUBOIS and XXXX-XXXX Quebec, Inc., d/b/a Autocars Symposium, Appellants,
v.
Ashley BUTLER, a minor, by and through her mother and natural guardian Christine BUTLER, Christine Butler, individually, and James Butler, individually, BTM Travel Group, Inc., and Quality Transportation Services, Inc., Appellees.
Nos. 4D04-3559, 4D04-3561.
District Court of Appeal of Florida, Fourth District.
May 25, 2005.
*1030 Richard M. Gomez of Law Offices of Roland Gomez, Miami Lakes, for appellants.
Nancy Little Hoffmann of Nancy Little Hoffmann, P.A., Pompano Beach, and Timothy P. Beavers of McFann & Beavers, P.A., Fort Lauderdale, for appellees Ashley Butler, a minor, by and through her mother and natural guardian, Christine Butler, Christine Butler, individually, and James Butler, individually.
GROSS, J.
Sonia Dubois and Quebec, Inc., the defendants below, appeal an order denying their motions to dismiss brought under Florida Rule of Civil Procedure 1.140(b)(2) for lack of jurisdiction over the person due to improper service. See Fla. R.App. P. 9.130(a)(3)(C)(i) (authorizing appeals of non-final orders that determine "the jurisdiction of the person"). We reverse, holding that service was defective as to both defendants.
To serve Dubois, the plaintiffs used the substituted service procedures of section 48.171, Florida Statutes (2003). "Because the statute allowing substituted service is an exception to the general rule requiring a defendant to be personally served, due process values require strict compliance with the statutory requirements." Monaco v. Nealon, 810 So.2d 1084, 1085 (Fla. 4th DCA 2002) (emphasis in original). When using a substituted service statute, "to overcome the primary requirement of personal service, the plaintiff must demonstrate the exercise of due diligence in attempting to locate the defendant." Wiggam v. Bamford, 562 So.2d 389, 391 (Fla. 4th DCA 1990). In Wiggam, we indicated what would satisfy the due diligence requirement:
The test [for determining the sufficiency of substitute service] is not whether it was in fact possible to effect personal service in a given case, but whether the [plaintiff] reasonably employed knowledge at [her] command, made diligent inquiry, and exerted an honest and conscientious effort appropriate to the circumstances, to acquire the information necessary to enable [her] to effect personal service on the defendant.
Id. (quoting Grammer v. Grammer, 80 So.2d 457, 460-61 (Fla.1955) (quoting McDaniel v. McElvy, 91 Fla. 770, 108 So. 820, 831 (1926))).
Numerous cases involve plaintiffs who fail to exercise "an honest and conscientious effort" to serve a defendant. A common theme of these cases is that the plaintiff fails to follow an "obvious" lead.
For example, in Robinson v. Cornelius, 377 So.2d 776 (Fla. 4th DCA 1979), a plaintiff *1031 relied exclusively on an address for the defendant provided by the Department of Motor Vehicles; because the plaintiff did not check the telephone directory or investigate the address disclosed in interrogatories by the defendant's insurer, the court held that the plaintiff failed to exercise due diligence. See also Cross v. Kalina, 681 So.2d 855, 856 (Fla. 5th DCA 1996) (while the plaintiff made an effort to serve the defendant through registered mail, plaintiff had failed to use due diligence: "Here, other than one mailing, there is no evidence that any effort was expended to locate [the defendant]."); Torelli v. Travelers Indem. Co., 495 So.2d 837 (Fla. 3d DCA 1986) (plaintiff did not demonstrate due diligence in attempting to locate the defendant where he failed to seek information from the defendant's attorney as to his client's whereabouts); Knabb v. Morris, 492 So.2d 839 (Fla. 5th DCA 1986) (plaintiff failed to exercise due diligence, when the private investigator who the plaintiff hired to locate the defendant failed to utilize obvious and available resources to actually find the defendant).
Here, the record does not demonstrate that the plaintiffs used due diligence to locate Dubois. Other than attempting to serve the defendant at the address listed on a nearly three year-old accident report [the accident happened in December 2000, while the complaint was filed in September 2003], the plaintiffs attested that "attempts were made through information in Canada to obtain a current telephone listing for the correct Sonia Dubois." However, the plaintiffs only tried one method of locating the defendantcalling "Directory Assistance in L'Epiphanie, Quebec, Canada, and request[ing] the telephone number for Sonia Dubois."
While prior case law has not drawn a bright line between efforts that show due diligence in locating a defendant and those that are insufficient, what was done here falls short of "an honest and conscientious effort." Grammer, 80 So.2d at 461. The plaintiffs argue that their attempts were similar to those of the plaintiff in Bodden v. Young, 422 So.2d 1055 (Fla. 4th DCA 1982). In Bodden, this court found that a plaintiff had made a good faith effort at serving a defendant where the plaintiff sought to locate a driver through United States Postal authorities, the telephone company, utility company, and other public agencies, and also took discovery from another potential defendant concerning the defendant's whereabouts. The plaintiff in this case utilized only one of the five methods used by the plaintiff in Bodden. We note that in the twenty-three years since Bodden, advances in modern technology and the widespread use of the Internet have sent the investigative technique of a call to directory assistance the way of the horse and buggy and the eight track stereo.
As to the corporate defendant, Quebec, Inc., the plaintiffs have conceded error. Pursuant to section 48.181, Florida Statutes (2003), the plaintiffs properly served Quebec, Inc. through the Secretary of State. However, the plaintiffs acknowledge that they "did not file a certified mail return receipt of the summons and complaint on Quebec, Inc., or the affidavit of compliance as required by section 48.161(1)."
We therefore reverse the orders denying the motions to dismiss, quash the service of process as to both defendants, and remand to the circuit court where the plaintiffs may seek to perfect proper service.
STEVENSON and SHAHOOD, JJ., concur.