*808
 
 MAY, J.
 

 An attention to detail and questioned compliance with the requirements of section 48.161, Florida Statutes, are at issue in this appeal. The defendant argues that the trial court erred in denying his motion to quash service of process for noncompliance with section 48.161. We agree and reverse.
 

 The plaintiff filed a complaint against the defendant and his employer involving an auto accident. After filing the complaint, the plaintiff was unable to locate the defendant and his employer. The plaintiff moved for an extension of time to serve the defendants; the court granted the motion. The plaintiff then served the employer, but was unable to locate the defendant.
 

 The plaintiff filed an amended complaint and alleged that numerous attempts were made to locate and serve the individual defendant, but it appeared he was no longer within the court’s jurisdiction or was concealing his location. The amended complaint further alleged that the plaintiff conducted a diligent search; and that pursuant to section 48.161, the plaintiff was serving a copy of the complaint and summons on the Secretary of State with a copy sent to the defendant’s last known address by certified mail.
 

 On September 18, 2008, the complaint and summons were sent to the Secretary of State and to the defendant via certified mail. The Secretary of State filed the summons and complaint on September 23, 2008. On October 3, 2008, the plaintiff received the notice of acceptance from the Secretary of State. On the same day, the plaintiff mailed the notice of acceptance to the defendant. On October 9, 2008, the plaintiff received the return receipts from the certified mail sent to the defendant indicating that the defendant was unknown at the address. On October 28, 2008, the plaintiff filed the defendant’s return receipts and affidavit of compliance.
 
 [1]
 

 The defendant moved to quash service and to dismiss for lack of jurisdiction, arguing that the plaintiff failed to make a diligent search or perfect service of process. Specifically, the defendant argued that the affidavit of compliance was not filed on or before the return day of process and that the plaintiff did not move for an enlargement of time to file the affidavit of compliance. The court denied the motion.
 

 We have
 
 de novo
 
 review of trial court orders on a motion to dismiss for lack of personal jurisdiction.
 
 Beckley v. Best Restorations, Inc.,
 
 13 So.3d 125, 126 (Fla. 4th DCA 2009).
 

 Section 48.161(1) provides:
 

 Notice of service and a copy of the process shall be sent forthwith by registered or certified mail by the plaintiff or his or her attorney to the defendant, and the defendant’s return receipt and the affidavit of the plaintiff or his or her attorney of compliance shall be filed on or before the return day of the process or within such time as the court allows....
 

 (emphasis added). “Perfection of substituted service requires strict compliance with the statutory prerequisites because such service is an exception to personal service.”
 
 Wyatt v. Haese,
 
 649 So.2d 905, 907 (Fla. 4th DCA 1995).
 

 The statute has three requirements: (1) notice by registered or certified mail; (2) filing the defendant’s return receipt; and (3) filing an affidavit of compliance “on or before the return day of the process or within such time as the court allows....”
 
 Id.;
 
 § 48.161(1). Here, the plaintiff complied with the first requirement, but failed to timely comply with the second and third.
 

 
 *809
 
 The Secretary of State accepted and filed the summons and complaint on September 23, 2008. The return day of process was October 13, 2008, twenty days after service. However, the plaintiff did not file the returns or the affidavit of compliance until October 28, 2008, fifteen days late.
 
 See Parish Mortg. Corp. v. Davis,
 
 251 So.2d 842, 343-44 (Fla. 3d DCA 1971) (finding that section 48.161 was not complied with when the affidavit of compliance was filed after the return day of process, and the notice of service was not mailed to the defendant “forthwith”).
 

 We therefore reverse and remand the case to the trial court to quash service of process without prejudice to allow the plaintiff an opportunity to perfect service.
 
 See Dubois v. Butler,
 
 901 So.2d 1029, 1031 (Fla. 4th DCA 2005) (reversing an order denying a motion to dismiss, quashing the service of process, and remanding to the trial court where the plaintiffs could perfect service pursuant to section 48.161(1)).
 

 Reversed and Remanded.
 

 POLEN and GERBER, JJ., concur.
 

 [1]
 

 . The affidavit of compliance is dated October 24, 2008.