DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**L. ANTON REBALKO,**
Appellant,

v.

**IHAB ATALLAH** and **JESSICA ATALLAH,**
Appellees.

No. 4D2024-2131

[May 28, 2025]

Appeal of a nonfinal order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Jeffrey R. Levenson, Judge; L.T. Case No. CACE23-020466.

L. Anton Rebalko, Pensacola Beach, pro se.

David W. Langley of David W. Langley, P.A., Plantation, for appellees.

PER CURIAM.

A defendant in a dispute over a real estate transaction appeals a trial court's order denying his motion to quash service of process and dismiss the action for lack of personal jurisdiction. We reverse because the plaintiffs did not exercise due diligence to locate and personally serve the defendant prior to resorting to substitute service through the Secretary of State.

### *Background*

The defendant is a practicing attorney who drafted the sales contract between the parties. The plaintiffs' initial complaint alleged violations of the sales contract. In the initial case, the defendant filed a motion to quash service of process, arguing that the served summons had expired and was invalid. The summons was personally served at the defendant's Fort Lauderdale address.

On the defendant's prior appeal of an order denying his motion to quash service of process, the plaintiffs argued that the defendant had waived any defenses to service of process by filing two notices of deposition. We

disagreed with the plaintiffs and reversed. *Rebalko v. Atallah*, 313 So. 3d 125 (Fla. 4th DCA 2021).

The plaintiffs refiled the action on October 30, 2023. The initial civil action summons is dated November 6, 2023, and provided a Pensacola Beach address for the defendant. The plaintiffs provided a verified return of non-service on February 29, 2024, stating the defendant could not be served at the Pensacola address. The return of non-service detailed just two attempts at service summarized below:

> - 12/27/23 1:06 pm Attempted service at [the Pensacola address], no cars in the driveway, no one answer [sic] at the residence

> - 12/28/23 4:23 pm Attempted service at [the Pensacola address] an unnamed [] female, approximately 60 years old, said he's in and out between here and there [] and not here a lot of the time. When [the process server] identified [himself], she shut the door in [his] face.

The process server was unable to determine if this woman was a co-resident. The return of non-service further detailed that on January 3, 2024, the process server had received a phone call from the defendant who stated he was in "South Florida" until around January 20th or 21st, and that he would be "back in town" at that time and he could be called for service. The defendant subsequently advised on January 22, 2024, that his return was delayed for at least another week.

In moving for an extension of time to serve the defendant, the plaintiffs stated that the defendant had "two known addresses," and the plaintiffs were attempting service at the second address. The record does not indicate that service at the second address in Fort Lauderdale was attempted.

The plaintiffs ultimately claimed the defendant was concealing his whereabouts and filed a motion seeking authorization to serve the defendant through the Secretary of State. The plaintiffs' "Declaration of Compliance" claimed that prior to resorting to substituted service, they had "conducted background investigated [sic] reports, reviewed all available records and public records, including but not limited to Property Appraisers, Google, and other related search engines," and that the plaintiffs did not know of a better address or contact information for the defendant.

2

The trial court granted the plaintiffs' motion, finding that the defendant "is residing in the State of Florida but evading service and concealing his whereabouts."

The trial court subsequently found that the defendant was properly served through the Secretary of State and ordered a response to the complaint by June 14, 2024.

On June 14, 2024, instead of filing a response to the complaint, the defendant filed his motion to quash service of process and to dismiss the action for failure to acquire personal jurisdiction over him.

After conducting a brief non-evidentiary hearing, the trial court denied the motion. The trial court's unelaborated order followed.

This appeal follows. Although the defendant raised several arguments in the motion to quash and on appeal, we write to address only the defendant's claim that the plaintiffs failed to exercise due diligence in personally serving him. We reverse on that basis.

### *Analysis*

We have de novo review of an order determining the validity of service of process. *Hernandez v. State Farm Mut. Auto. Ins. Co.,* 32 So. 3d 695, 698 (Fla. 4th DCA 2010).

"The general rule in Florida is that a defendant must be personally served." *Societe Hellin, S.A. v. Valley Com. Cap., LLC*, 254 So. 3d 1018, 1020 (Fla. 4th DCA 2018). However, the general rule has exceptions, such as substituted service on the Secretary of State pursuant to section 48.161(2), Florida Statutes (2023).

We have explained:

> When using a substituted service statute, "to overcome the primary requirement of personal service, the plaintiff must demonstrate the exercise of due diligence in attempting to locate the defendant." *Wiggam v. Bamford,* 562 So. 2d 389, 391 (Fla. 4th DCA 1990). In *Wiggam,* we indicated what would satisfy the due diligence requirement:
>
>> The test [for determining the sufficiency of substituted service] is not whether it was in fact possible to effect personal service in a given case, but whether the

3

> [plaintiff] *reasonably employed knowledge at [her] command, made diligent inquiry, and exerted an honest and conscientious effort appropriate to the circumstances, to acquire the information necessary to enable [her] to effect personal service on the defendant.*

*Dubois v. Butler ex rel. Butler*, 901 So. 2d 1029, 1030 (Fla. 4th DCA 2005) (emphasis added).

Here, the plaintiffs attempted service only twice at the Pensacola address, on consecutive days, and during the holiday season when travel is not unusual. These mere two attempts at service do not constitute due diligence under Florida law. *See* § 48.161(4)(c), Fla. Stat. (2023) (calling for an "appropriate number of attempts to serve the party, taking into account the particular circumstances, during such times when and where such party is reasonably likely to be found, as determined through resources reasonably available to the party seeking to secure service of process"); *see also Howard v. Gualt*, 259 So. 3d 119, 122–23 (Fla. 4th DCA 2018) (reversing default judgment and finding lack of diligent search to justify substitute service where plaintiff only attempted service three times at addresses located through Sunbiz.org, and the record was "silent as to any follow-up investigation")[1]; *Twin Oaks Villas, Ltd. v. Joel D. Smith, L.L.C.*, 79 So. 3d 67, 68 (Fla. 1st DCA 2011) (finding single attempt to serve defendant did not amount to reasonable diligence); *cf. Se. & Assocs., Inc. v. Fox Run Homeowners Ass'n*, 704 So. 2d 694, 696 (Fla. 4th DCA 1997) (finding that a diligent search was conducted when the evidence showed "*nine* attempts at personal service . . . contact with the neighbors, [] two skip traces, and [a] trip to a retail establishment where the process server learned that the lessee had moved out in the middle of the night" (emphasis added)).

Additionally, although the process server had spoken with the defendant on the phone, during which the defendant advised he was in South Florida, no attempt was made to serve him at his Fort Lauderdale address. The plaintiffs failed to follow up on an obvious lead. "A common theme in cases holding that the plaintiff failed to exercise due diligence is that 'the plaintiff faile[d] to follow an "obvious" lead.'" *Societe Hellin, S.A.*, 254 So. 3d at 1020 (alteration in original) (quoting *Dubois*, 901 So. 2d at 1030). And "[r]epeated attempts at service on the wrong location do not amount to due diligence." *Id.* at 1021; *see also Coastal Cap. Venture, LLC v. Integrity Staffing Sols., Inc.*, 153 So. 3d 283, 285 (Fla. 2d DCA 2014)

---

[1] Here, too, the record was silent as to any follow-up investigation after the process server's phone conversation with the defendant.

(finding lack of due diligence to justify substituted service where service was not attempted at location defendants were known to be at and noting "the necessary diligence is not established by repeatedly sending a process server to an address when the resident is known to be out of town"). This failure to follow up on an obvious lead is compounded by the fact that the plaintiffs were aware of this second address and had previously successfully served the defendant there in the initial case.

Accordingly, because the plaintiffs failed to exercise due diligence to personally serve the defendant, substitute service through the Secretary of State was improper. We thus reverse the trial court's order denying appellant's motion to quash service of process.

*Reversed and remanded for proceedings consistent with this opinion.*

WARNER, MAY and FORST, JJ., concur.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***

5