DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**AVRIANA JEAN GORE,**
Appellant,

v.

**ERICA ENCARNACION** and **TODD WHARTON,**
Appellees.

No. 4D2025-0764

[December 10, 2025]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; John B. Bowman, Judge; L.T. Case No. CACE23-000006.

Claire Cubbin, Fort Lauderdale, for appellant.

Megan Powell and Hinda Klein of Conroy Simberg, Hollywood, for appellees.

MAY, J.

The plaintiff appeals a trial court order quashing substitute service of process and dismissing the complaint without prejudice. She argues the trial court erred in relying on the wrong version of section 48.161 and dismissing her complaint. We agree and reverse.

- *The Facts*

The plaintiff filed a complaint against the defendants after she was rear-ended by a car owned by Erica Encarnacion, and driven by a male, who gave his name as Michael Encarnacion. The plaintiff successfully served Erica Encarnacion but when she attempted to serve Michael Encarnacion, Erica claimed Michael Encarnacion did not exist. It took court intervention to get Erica to reveal the true name of the driver – Todd Wharton.

Upon learning this information, the plaintiff amended the complaint and began her attempts to serve Wharton. The process server was unable to locate Wharton and filed an affidavit of diligent search. Based on the

inability to locate Wharton, she filed an alias summons on the Secretary of State. The Secretary of State accepted service.

The plaintiff sent the amended complaint, alias summons, and acceptance of service from the Secretary of State to Wharton at his last known address via certified mail. The plaintiff then filed an affidavit of compliance with section 48.161, Florida Statutes (**2024**). (Emphasis added).

Wharton's counsel filed a special limited appearance and motion to quash substitute service of process. Wharton argued that after service of process on the Secretary of State, a plaintiff must meet three requirements: (1) notify the defendant by certified mail that the Secretary of State has been served, (2) file a return receipt for that certified letter by the return date of service, and (3) file an affidavit of compliance by the return date of service. Wharton specifically cited section 48.161, Fla. Stat. (**2022**). (Emphasis added). Wharton suggests the plaintiff failed to comply with these three requirements.[1]

Following a hearing, the trial court granted Wharton's motion to quash and dismissed the complaint with leave to amend.[2] The plaintiff moved for reconsideration, which the trial court denied. From the order dismissing the complaint, the plaintiff now appeals.

- ***The Analysis***

We have de novo review of an order quashing service of process. *Rebalko v. Atallah*, 313 So. 3d 125, 126 (Fla. 4th DCA 2021).

The plaintiff argues the trial court erred by granting Wharton's motion to quash because it relied upon the 2022 version of section 48.161, which was amended effective January 2, 2023. The plaintiff served the Secretary of State with process on October 25, 2024 – after the statute was amended. She argues she complied with the requirements of the amended statute.

---

[1] Section 48.161's 2023 amendment no longer requires an affidavit of compliance to be filed by the return date of service or to amend the complaint to allege the defendant is a non-resident of the State of Florida or is concealing himself.

[2] No one appeared for the plaintiff at the hearing on the motion to dismiss, and Wharton's primary argument was that the plaintiff lacked due diligence in serving Wharton. The plaintiff moved for reconsideration raising the arguments presented in this appeal.

Wharton now appears to agree the 2024 version of the statute applies and makes alternative arguments in his brief. He argues the plaintiff failed to: (1) file the affidavit of compliance within forty days of the date of service on the Secretary of State; (2) establish due diligence in attempting to serve Wharton; and (3) serve Wharton within 120 days of amending the complaint.

The legislative notes for section 48.161's 2023 amendment provide:

> The amendments made to chapter 48, Florida Statutes, by chapter 2022-190, Laws of Florida, apply to causes of action that accrued on or after January 2, 2023, and to all causes of action that accrued before January 2, 2023, for which service of process was effectuated on or after January 2, 2023.

There can be no doubt the 2024 version of 48.161 applies to this case.

So, did the plaintiff comply with section 48.161's 2024 version? We think that she did.

### o *Affidavit of Compliance*

Section 48.161's 2024 version requires the affidavit of compliance to be filed within forty days after the date of service on the Secretary of State or within such additional time as the court allows. Here, the plaintiff's affidavit stated that she served the Secretary of State on October 25, 2024. The plaintiff then filed the affidavit of compliance on December 6, 2024.

While this is technically forty-two days after the date of service, October 25, 2024, fell on a Friday. Computation of the forty days began on Monday October 28, 2024, pursuant to Florida Rule of General Practice and Judicial Administration 2.514(a)(1)(A) ("begin counting from the next day that is not a Saturday, Sunday, or legal holiday"). In short, the affidavit was timely filed.

### o *Due Diligence*

Section 48.161(3)(a), Florida Statutes (2024), states:

> The affidavit of compliance must set forth the facts that justify such substituted service and must contain sufficient facts showing:

3

> (a) That due diligence was exercised in attempting to locate and effectuate personal service on the party[.]

In her affidavit, the plaintiff attached the return of non-service documents and her affidavit of diligent search.

The first verified return of non-service stated the process server attempted service on seven different dates at three different addresses between August 13 and September 19, 2024. The second return stated the process server attempted service at a UPS business mailbox for Wharton's alleged business. The affidavit of due diligence stated the process server sent Freedom of Information Act ("FOIA") requests to all addresses associated with Wharton without results.

The process server also searched:

- the national social security trace,
- the national database,
- a Florida division of vehicle registration,
- the Florida division of driver's license,
- the Florida Division of Corporations,
- the Florida Division of Professional Licensing, and
- incarceration records of the State of Florida.

The process server inquired of the information operator in appropriate area codes, made a FOIA request for changes of address, and contacted known associated persons and neighbors.

Nevertheless, Wharton suggests the plaintiff failed to demonstrate due diligence by failing to follow obvious leads and repeatedly serving addresses where the plaintiff knew he did not reside. Wharton suggests the plaintiff failed to subpoena Wharton's company and failed to ask for Erica Encarnacion's pay/tax information after allegedly learning that she worked for Wharton.

Despite Wharton's suggestions, we hold the plaintiff exercised due diligence. *See Se. & Assocs., Inc. v. Fox Run Homeowners Ass'n*, 704 So. 2d 694, 696 (Fla. 4th DCA 1997) (finding that a diligent search was conducted when the evidence showed "nine attempts at personal service … contact with the neighbors, [ ] two skip traces, and [a] trip to a retail establishment where the process server learned that the lessee had moved out in the middle of the night"); *cf. Dubois v. Butler ex rel. Butler*, 901 So. 2d 1029, 1030 (Fla. 4th DCA 2005) (finding no diligent search where

plaintiff attempted to serve only one three year old address and call the phone directory); *Rebalko v. Atallah*, 413 So. 3d 170, 173 (Fla. 4th DCA 2025) (finding no diligent search where plaintiffs attempted service only twice at a Pensacola address, on consecutive days, and during the holiday season when travel is not unusual).

- o *Compliance with Rule 1.070(j)*

Finally, Wharton argues the plaintiff failed to serve him within 120 days of amending the complaint. This issue is reviewed for an abuse of discretion. *See Denose v. Garcia*, 388 So. 3d 857, 859 (Fla. 3d DCA 2023).

Florida Rule of Civil Procedure 1.070(j) provides:

> If service of the initial process and initial pleading is not made upon a defendant within 120 days after filing of the initial pleading directed to that defendant the court, on its own initiative after notice or on motion, shall direct that service be effected within a specified time or shall dismiss the action without prejudice or drop that defendant as a party; provided that if the plaintiff shows good cause or excusable neglect for the failure, the court shall extend the time for service for an appropriate period.

Fla. R. Civ. P. 1.070(j).

> If a plaintiff shows good cause or excusable neglect for failure to make timely service, the court must extend the time for service and has no discretion to do otherwise. However, if neither good cause nor excusable neglect is shown, the trial court is no longer required to dismiss without prejudice or drop the defendant as a party, but is left to exercise its discretion[.]

*Fernandez v. Cohn*, 54 So. 3d 1040, 1042 (Fla. 3d DCA 2011) (quoting *Chaffin v. Jacobson*, 793 So. 2d 102, 104 (Fla. 2d DCA 2001) (internal citations omitted)).

While the plaintiff took longer than 120 days to serve Wharton, the court was not required to dismiss the plaintiff's complaint. The order does not reflect the failure to serve Wharton within 120 days served as the basis for the trial court's dismissal of the complaint.

Here, the trial court relied upon the wrong version of section 48.161 in dismissing the complaint. The plaintiff provided the requisite affidavit of compliance and exercised due diligence. We therefore reverse and remand the case for the trial court to vacate its order quashing service of process.

*Reversed and remanded.*

LEVINE and SHEPHERD, JJ., concur.

\*        \*        \*

***Not final until disposition of timely-filed motion for rehearing.***